JOHN P. KRISTENSEN (SBN 224132)
DAVID L. WEISBERG (SBN 211675)
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025
Telephone:  310-507-7924
Fax:  310-507-7906
*john@kristensenlaw.com*
*david@kristensenlaw.com*

***Attorneys for Plaintiff and all others similarly situated***

## THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISON

| | |
|---|---|
| KAMILLE COULTER, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>INTERNATIONAL CRUISE & EXCURSION GALLERY, INC.; and DOES 1 through 20, inclusive, and each of them,<br><br>    Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>(1)  Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*<br>(2)  Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff KAMILLE COULTER ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.    Plaintiff brings this action for herself and others similarly situated seeking damages and any other available legal or equitable remedies resulting

1   from the illegal actions of Defendant INTERNATIONAL CRUISE &
2   EXCURSION GALLERY, INC., and DOES 1 through 20, inclusive, and each of
3   them (collectively referred to as "Defendants"), in negligently knowingly, and/or
4   willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the
5   Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), thereby
6   invading Plaintiff's privacy.

7   <u>**JURISDICTION & VENUE**</u>

8   2.      Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because
9   Plaintiff, a resident of California, seeks relief on behalf of a Class, which will
10  result in at least one class member belonging to a different state than that of
11  Defendant, a company with their principal place of business at 15501 North Dial
12  Boulevard, Scottsdale, Arizona, 85260-1619.  Plaintiff also seeks up to
13  $1,500.00 in damages for each call in violation of the TCPA, which, when
14  aggregated among a proposed class in the thousands, exceeds the $5,000,000.00
15  threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and
16  the damages threshold under the Class Action Fairness Act of 2005 ("CAFA")
17  are present, and this Court has jurisdiction.

18  3.      Venue is proper in the United States District Court for the Central
19  District of California pursuant to 18 U.S.C. §§ 1391(b) and 144(a) because
20  Defendant does business within the State of California and the County of Los
21  Angeles.

22  <u>**PARTIES**</u>

23  4.      Plaintiff, Kamille Coulter ("Plaintiff"), is a natural person residing
24  in Los Angeles, California.

25  5.      Defendant International Cruise & Excursion Gallery, Inc.
26  ("Defendant" or "International Cruise & Excursion Gallery") is a Delaware
27  corporation with its principal place of business at 15501 North Dial Boulevard,
28  Scottsdale, Arizona 85260-1619. Plaintiff is informed and believes that

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

International Cruise & Excursion Gallery conducted and conducts business in Los Angeles County. Furthermore, its registered agent for service of process is listed with the Secretary of State as CT Corporation System at 3800 North Central Avenue, Suite 460, Phoenix, Arizona 85012.

6.    The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 20, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.    Plaintiff is informed and believes and thereon alleges that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was the owner, agent, servant, joint venturer and employee, each of the other and each was acting within the course and scope of its ownership, agency, service, joint venture and employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes and thereon alleges that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

8.    At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for each other's acts and omissions.

## FACTUAL ALLEGATIONS

9.    Beginning on or around the afternoon of October 20, 2015, Defendant contacted Plaintiff on her cellular telephone at (310) 462-****, in an attempt to communicate with Plaintiff regarding loyalty rewards for an

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

1  international cruise.  The original calls came from what is believed to be an

2  internet generated spoof number starting with the area code prefix (520).

3  Defendant is known to use the number (520) 448-0315.

4      10.    Defendant used an "automated telephone dialing system," as

5  defined by 47 U.S.C. § 227(a)(1) to place its calls to Plaintiff seeking to

6  communicate with Plaintiff regarding services from "International Cruise &

7  Excursion Gallery."

8      11.    Defendant's call(s) constituted calls that were not for emergency

9  purposes as defined by 47 U.S.C. § 227(b)(1)(A).

10     12.    Defendant's call(s) were placed to telephone numbers assigned to a

11  cellular telephone service for which Plaintiff incurs a charge for incoming calls

12  pursuant to 47 U.S.C. § 227(b)(1).

13     13.    Defendant never received Plaintiff's "prior express consent" to

14  receive calls using an automated dialing system or an artificial or prerecorded

15  voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

16                           **CLASS ALLEGATIONS**

17     14.    Plaintiff brings this action pursuant to Rule 23 of the Federal Rules

18  of Civil Procedure and/or other applicable law, on behalf of herself and all others

19  similarly situated, as a member of the proposed class (hereafter "the Class")

20  defined as follows:

21           All persons within the United States who received any

22           telephone calls from Defendant to said person's cellular

23           telephone made through the use of any automatic telephone

24           dialing system or an artificial or prerecorded voice and such

25           person had not previously provided express consent to

26           receiving such calls within the four years prior to the filing of

27           this Complaint

28     15.    Plaintiff represents, and is a member of the Class, consisting of All

1   persons within the United States who received any telephone call from

2   Defendant to said person's cellular telephone made through the use of any

3   automatic telephone dialing system or an artificial or prerecorded voice and such

4   person had not previously not provided their cellular telephone number to

5   Defendant within the four years prior to the filing of this Complaint.

6       16.    Excluded from the Class are governmental entities, Defendants, any

7   entity in which Defendants have a controlling interest, and Defendants' officers,

8   directors, affiliates, legal representatives, employees, co-conspirators, successors,

9   subsidiaries, and assigns. Also excluded from the Class are any judges, justices

10  or judicial officers presiding over this matter and the members of their immediate

11  families and judicial staff.

12      17.    This action is properly maintainable as a class action.  This action

13  satisfies the numerosity, typicality, adequacy, predominance and superiority

14  requirements for a class action.

15      18.    **Numerosity**:  The proposed Class is so numerous that individual

16  joinder of all members is impracticable. Due to the nature of the trade and

17  commerce involved, Plaintiff does not know the number of members in the

18  Class, but believes the Class members number in the thousands, if not more.

19  Plaintiff alleges that the Class may be ascertained by the records maintained by

20  Defendants.

21      19.    Plaintiff and members of the Class were harmed by the acts of

22  Defendant(s) in at least the following ways: Defendant(s) illegally contacted

23  Plaintiff and Class members via their cellular telephones thereby causing

24  Plaintiff and Class members, without their " prior express consent," to incur

25  certain charges or reduced telephone time for which Plaintiff and Class members

26  had previously paid by having to retrieve or administer message(s) left by

27  Defendant during those illegal calls, and invading the privacy of said Plaintiff

28  and Class members.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

20.　**Common Questions of Law and Fact Predominate**: There are only a few legal and factual issues to determine if there is liability under the TCPA and for each of those questions of law and fact, common issues to the Class predominate over any questions that may affect individual Class members, in that the claims of all Class members for each of the claims herein can be established with common proof.  Common questions of fact and law include, but are not limited to, the following:

(a)　Whether, within the four years prior to the filing of this Complaint, Defendant(s) made any calls (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automated dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

(b)　Whether Plaintiff and the Class members were damaged thereby, and the extent of the statutory damages for each such violation; and

(c)　Whether the Defendant(s) should be enjoined from engaging in such conduct in the future.

21.　**Typicality**: Plaintiff's claims are typical of the claims of members of the Class, as Plaintiff was subject to the same common course of conduct by Defendant(s) as all Class members.  The injuries to each member of the Class were caused directly by Defendant(s)' wrongful conduct as alleged herein.

22.　**Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff has retained counsel with substantial experience in handling complex class action litigation.  Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have financial resources to do so.

///

23.     **Superiority of Class Action**: A class action is superior to other available methods for the fair and efficient adjudication of the present controversy.  Class members have little interest in individually controlling the prosecution of separate actions because the individual damage claims of each Class member are not substantial enough to warrant individual filings.  In sum, for many, if not most, Class members, a class action is the only feasible mechanism that will allow them an opportunity for legal redress and justice. Plaintiff is unaware of any litigation concerning the present controversy already commenced by members of the Class.  The conduct of this action as a class action in this forum, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

24.     Moreover, individualized litigation would also present the potential for varying, inconsistent, or incompatible standards of conduct for Defendants, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. The adjudication of individual Class members' claims would also, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other Class members to protect their interests.

25.     Plaintiff and the members of the Class have suffered and will continue to suffer harm as a result of Defendant(s)' unlawful and wrongful conduct. Defendant(s) have acted, or refused to act, in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

///

///

///

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

# FIRST CAUSE OF ACTION

## (VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT,

## 47 U.S.C. *ET SEQ.*)

### (Against All Defendants)

26.    Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

27.    The foregoing acts and omission of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*

28.    As a result of Defendants violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

29.    Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

# SECOND CAUSE OF ACTION

## (KNOWING AND/OR WILLFUL VIOLATION OF

## THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. *ET SEQ.*)

### (Against All Defendants)

30.    Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

31.    The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*.

32.    As a result of Defendant(s)' violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory

damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

33.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief and judgment as follows:

1.     An order certifying this action as a class action and appointing Plaintiff and his counsel to represent the Class;

2.     For the first cause of action:

- Plaintiff and Class members are entitled to and request $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227, *et seq.*;

- Preliminary and permanent injunctive relief enjoining Defendant(s), their agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls made with automated dialing systems to cellular phones without prior express consent;

- Attorneys' fees, costs and any and all other relief that the Court deems just and proper.

3.     For the second cause of action:

- Plaintiff and Class members are entitled to and request $1,500.00 in statutory damages, for each and every violation , pursuant to 47 U.S.C. § 227, *et seq.*;

- Preliminary and permanent injunctive relief enjoining Defendant(s), their agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls made with automated

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

1  dialing systems to cellular phones without prior express consent;

2  • Attorneys' fees, costs and any and all other relief that the Court

3  deems just and proper.

4

5  Dated:  October 30, 2015          Respectfully submitted,

6  By:  */s/ John P. Kristensen*

7

8  John P. Kristensen (SBN 224132)
   *john@kristensenlaw.com*

9  David L. Weisberg (SBN 211675)
   *david@kristensenlaw.com*

10  **KRISTENSEN WEISBERG, LLP**

11  12304 Santa Monica Blvd., Suite 100
    Los Angeles, California 90025

12  Telephone:  (310) 507-7924
    Fax:  (310) 507-7906

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1

## DEMAND FOR JURY TRIAL

2

Plaintiff hereby demands a trial by jury for all such triable claims.

3

4     Dated:  October 30, 2015          Respectfully submitted,

5                                  By:  */s/ John P. Kristensen*

6

7          John P. Kristensen (SBN 224132)
           *john@kristensenlaw.com*
8          David L. Weisberg (SBN 211675)
           *david@kristensenlaw.com*
9          **KRISTENSEN WEISBERG, LLP**
           12304 Santa Monica Blvd., Suite 100
10         Los Angeles, California 90025
           Telephone:  (310) 507-7924
11         Fax:  (310) 507-7906

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28